IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SMC CORPORATION, LTD., a United Kingdom Corporation | ) ) ) | Case No. 07-cv-1055 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | The Honorable Ruben Castillo |
| LOCKJAW, LLC, a Delaware Limited Liability company | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING THE APPROPRIATE AMOUNT OF PLAINTIFF'S SECURITY REQUIRED BY FED. R. CIV. P. RULE 65(C) SHOULD THE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BE ISSUED**

This Court, in its minute entry dated March 22, 2007, asked the Defendant, Lockjaw, LLC ("Lockjaw") to submit a supplemental brief regarding the appropriate amount of bond. This Court also requested that the Plaintiff, SMC Corporation, Ltd. ("SMC") submit a proposed preliminary injunction order.[1]

**Adequate Security Under Rule 65(c) And Plaintiff's Proposed Order**

According to Fed. R. Civ. P. Rule 65(c), the Plaintiff is required to give security for the payment of such costs and damages as may be incurred or suffered by Defendant in the event it later determined that the Defendant has been wrongly enjoined or restrained.

This Court has not yet ruled on the Motion for TRO/ Preliminary Injunction. Assuming this Court were to issue an injunction, it is not known at this time (i) what

---

[1] On March 27, 2007 Plaintiff lodged its Proposed Order For Preliminary Injunction with this Court.

1

issues would be addressed in the injunction; (ii) what acts of Defendant Lockjaw would be enjoined; (iii) what requirements, if any, would be imposed on Plaintiff; and (iv) the duration of the injunction. All of the foregoing are relevant in determining what amount of security is appropriate for purpose of Rule 65(c). By necessity, a number of assumptions will need to be made in assessing what constitutes adequate security for purposes the Rule.

On March 27, 2007, Plaintiff lodged its Proposed Order For Preliminary Injunction ( the "Proposed Order") with this Court. At this time it is unknown whether this Court will sign and enter the proposed order as written or will make appropriate revisions[2]. For purposes of this pleading regarding the amount of security, it is assumed that this Court will sign the order as written.

---

[2] The Proposed Order goes well beyond providing specific language regarding the type of behavior sought to be enjoined and the persons to whom the injunction is directed. Surprisingly, the Proposed Order includes Findings of Fact and Conclusions of Law. Fed. R. Civ. P. Rule 52 contemplates that findings of fact and conclusions of law are appropriate only where the action has been tried upon the facts without a jury or with an advisory jury. Rule 52 further provides that findings of fact and conclusions of law are unnecessary to decide motions under Rule 12 or Rule 56 or any other motion except as provided in Rule 52(c) (which pertains to partial findings during a trial without a jury). The Proposed Findings of Fact relate to the ultimate factual issues in this case. Although for purposes of Rule 65, a court must determine whether the Plaintiff is likely to prevail on the merits of their claim, that court is not required to decide the factual issues at this time. If this Court is inclined to make findings of fact at this time, the Defendant respectfully requests an opportunity to address each of the findings of fact proposed by Plaintiff and to propose a competing set of findings of fact and conclusions of law.

The proposed order (i) prohibits the Defendant Lockjaw, its owners, employees, and any and all affiliated or associated companies from terminating the Sales and Distribution Agreement, dated July 8, 2005 (the "2005 Agreement")[3], (ii) prohibits Defendant Lockjaw from contacting, either directly or indirectly, SMC's customers that are located within SMC's exclusive territory, for any purpose, without SMC's express written consent;[4] and (iii) requires Defendant Lockjaw to continue performing consistent

---

[3] The Proposed Order assumes Plaintiff's unfounded contentions that: (i) the 2005 Agreement is still in effect, (ii) SMC's failure to pay past due invoices amounting to $324,000 did not constitute a material breach entitling PDI to terminate the Agreement, and (iii) PDI can never terminate the 2005 Agreement even if SMC fails to pay for the products that it orders, except in the limited circumstances where SMC's sales quota requirements are not satisfied, SMC fails to comply with applicable laws, or SMC fails to comply with the terms of the Temporary Restraining Order. As stated in its prior brief, it is Defendant's position that the 2005 Agreement is already terminated on account of the material breach due to failure to pay the February invoices. Alternatively, even assuming that this Court were to find that SMC's failure to pay the outstanding invoices did not result in immediate termination of the 2005 Agreement, the 2005 Agreement would terminate no later than May 26, 2007 – 90 days from the date notice of termination was sent to SMC.
 It is acknowledged that on March 27, 2007 SMC did pay the past due February invoices in full. This payment was made only after this Court had advised SMC during last Thursday's hearing that the payment must be made as a prerequisite to any injunctive relief. Under these circumstances, the payment at this late date is not sufficient to cure the material breach and accordingly does not resurrect an agreement that has already been terminated.
 The issue of whether the 2005 Agreement was terminated as a result of SMC's material breach prior to the filing of this lawsuit or, alternatively, will be terminated as of May 26, 2007, is central to this lawsuit. There do not appear to be any factual issues that would require the parties to engage in discovery prior to this Court's determination of this issue. Accordingly, the Defendant intends during the next week to file a motion for Partial Summary Judgment asking this Court to determine the effective date of the Agreement.

[4] It is unclear from the Proposed Order whether the prohibition against contact with European customers would apply to Lockjaw's, owners, employees, and any and all affiliated or associated companies. The reference to these related parties is included only in paragraph 1 and is not included in either paragraph 2 or 3 of the "Proposed Order". Furthermore, an outright ban on any future contact with these customers is unreasonable and not necessary to protect SMC's alleged interests. It is likely that the court will find that the 2005 Agreement is indeed terminated by no later than May 26, 2007. Since termination in the near future is likely, it is imperative that the European customers communicate with Lockjaw/PDI with respect to anticipated post-termination activity. Further, it is important that in the event of an injunction, Lockjaw/PDI should be provided an opportunity to explain to the customers what the injunction means and the likelihood that it will be lifted once the court determines that the 2005 Agreement is terminated. The European customers need to know what is likely to occur in the future. They require clarification regarding who they are permitted to do business with. Until such clarification is provided they will remain reticent to deal with either SMC or Lockjaw/PDI.

with their practices on or before January 26, 2007, except that all future orders by SMC will be guaranteed by a letter of credit[5].

Assuming that Product Development Inc. ("PDI") is compensated in full for its future performance (consisting of the manufacture and shipment of goods ordered by SMC through its purchase orders), projected damages would consist primarily of the anticipated lost profits should PDI be enjoined from selling directly to the European customers. Were PDI able to contract directly with its European customers, the amount of net profit earned by PDI attributable to such sales is estimated to be 15% higher than the net profits that would otherwise result should SMC continue to be a middleman in the transaction.[6] Furthermore, the total amount of the lost profits is a function of the value of future purchase orders submitted by SMC prior to the effective date of termination of the 2005 Agreement. Finally, it is assumed that once the 2005 Agreement is deemed to be terminated, by May 26, 2007 at the latest, the prohibition against PDI dealing directly with the European customers will be lifted.

Based on these considerations, prior to PDI providing any future performance with respect to SMC purchase orders, SMC should be required to deposit 15% of the anticipated invoice price related to those purchase orders with the Court or a mutually agreeable third party as security under Rule 65(c). If this Court later determines that the 2005 Agreement was terminated prior to the purchase order date, the 15% deposit will be

---

[5] Lockjaw/PDI has no objection to this requirement. As long as adequate assurance is provided in a manner acceptable to Lockjaw/PDI, Lockjaw/PDI will continue to perform consistent with pre-January 27, 2007 practices. It is unclear what SMC means by "letter of credit." The order should clarify that the letter of credit must contain provisions which will in effect guarantee immediate payment in full by a third party should SMC fail to pay by the 30th day. In its Reply, SMC represented to this Court that it would offer an escrow arrangement to provide this adequate assurance. Defendant would prefer the escrow arrangement over the proposed letter of credit.

[6] See Declaration of Robert Poole dated March 29, 2007, attached hereto as Exhibit "A".

distributed to PDI to compensate it for the additional profit it would have earned had PDI been able to transact business directly with the European customer. SMC should be ordered to deposit additional amounts with the Court or a mutually agreeable third party as new purchase orders are submitted to PDI by SMC.

For the reasons set forth in Lockjaw's brief in opposition to Plaintiff's motion for preliminary injunction, the Court should deny the motion in the first instance. However, in the event that the Court deems it appropriate to grant the motion in any respect, the Court should order that Plaintiff provide adequate security in the manner set forth herein.

Respectfully submitted,

**LOCKJAW, LLC**

By: /s/ Hillary P. Krantz
One of Its Attorneys

Robert Barlow (admitted *pro hac vice*)
357 North 4th Avenue
Phoenix, AZ 85003
602.258.3880

John Z. Lee (ARDC #6210681)
Hillary P. Krantz (ARDC #6275302)
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606-6677
312.360.6000

Dated: March 29, 2007

1314818v1/25765-0001

5

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SMC CORPORATION, LTD., a United Kingdom Corporation | ) ) ) | Case No. 07-cv-1055 |
| Plaintiff, | ) ) | |
| v. | ) ) | The Honorable Ruben Castillo |
| LOCKJAW, LLC, a Delaware Limited Liability company | ) ) ) ) | |
| Defendant. | ) ) ) | |

**DECLARATION OF ROBERT POOLE IN SUPPORT OF DEFENDANT'S SUPPLEMENTAL PLEADING REGARDING AMOUNT OF SECURITY REQUIRED BY RULE 65(C)**

I, Robert Poole, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct:

1. I am over the age of eighteen and competent to testify as to the matters set forth herein which are based on my first hand knowledge.

2. I am familiar with the European market for Lockjaw products and the markups realized by SMC in connection with its sales of Lockjaw products in Europe. If PDI were to sell Lockjaw products directly to its European customers, without the involvement of SMC, net profits to PDI related to those sales would increase by approximately 15%.

3. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 29th day of March, 2007.

_____
Robert Poole

## CERTIFICATE OF SERVICE

I, an attorney for Defendant, hereby certify that on March 29, 2007, I caused to be electronically filed the foregoing ***Defendant's Supplemental Brief Regarding The Appropriate Amount of Plaintiff's Security*** with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Steven H. Hoeft
Bryan M. Webster
McDermott, Will & Emory, LLP
227 W. Monroe Street
Chicago, Illinois 60610
Fax (312) 984-7700
Email address: shoeft@mwe.com

and caused same to be provided via facsimile to the following:

Brooks F. Poley
Kenneth A. Prine
Winthrop & Weinstine, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Fax: (612) 604-6800

/s/ Hillary P. Krantz
Hillary P. Krantz